ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **JOSUÉ ORTIZ COLÓN**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Recurrido | KLRA202400667 | **REVISIÓN** procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm: **ICG-976-2024**<br><br>Sobre: Notificación sobre determinación final proyecto de Pre-reinserción a la libre comunidad |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de febrero de 2025.

Comparece ante nos, por derecho propio y como indigente (*in forma pauperis*), Josué Ortiz Colón (Ortiz Colón o recurrente), quien se encuentra confinado en la Institución Correccional Guerrero, bajo la custodia del Departamento de Corrección y Rehabilitación (DCR).[1] Nos solicita que revoquemos la *Resolución* emitida el 14 de noviembre de 2024, por la Coordinadora Regional de la División de Remedios Administrativos del DCR. Mediante la misma, se confirmó y modificó la respuesta recibida por parte del evaluador, señor Henry Luna Bravo, a una solicitud sobre pre-reinserción a la libre comunidad del recurrente.

Por los fundamentos que expresamos a continuación, se confirma el pronunciamiento impugnado.

---

[1] Se declara *Ha Lugar* la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia* instada por Ortiz Colón.

## I.

Según surge del expediente, el 17 de agosto de 2024, Ortiz Colón instó la *Solicitud de Remedio Administrativo* número ICG-976-2024 en la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación. En síntesis, requirió que se emitiera resolución final sobre el referido realizado el 21 de julio de 2023 del Proyecto de Pre-Reinserción a la Libre Comunidad. Puntualizó que, en una previa solicitud número ICG-548-2024, planteó la situación, pero debido a que no se atendió en su totalidad, incoó la petición de referencia.

El 10 de septiembre de 2024, la División de Remedios Administrativos emitió una *Respuesta al Miembro de la Población Correccional.* A través de esta, el evaluador Luna Bravo le expresó a Ortiz Colón lo siguiente:

Se desestima su solicitud de remedios conforme a la:

Regla XIII-El evaluador tiene la facultad para desestimar las siguientes solicitudes, según el Reglamento vigente la cual dispone lo siguiente:

Inciso 5 (D) Solicitud de Remedio radicada más de una vez sobre el mismo asunto por el mismo MPC. Sr. Josué Ortiz usted ya había solicitado esto mismo en el remedio ICG-548-2024 y también realizó una reconsideración donde le fue contestada y le fue entregada el 13-junio-2024.

En desacuerdo, Ortiz Colón interpuso una *Solicitud de Reconsideración,* en la cual expresó que la respuesta ofrecida por la agencia no resolvió ni atendió su solicitud de remedio. Mediante una *Respuesta de Reconsideración al Miembro de la Población Correccional,* el Departamento de Corrección y Rehabilitación acogió la petición de reconsideración y posteriormente, la coordinadora regional de remedios administrativos, Melissa Ruiz Sepúlveda, dictó la *Resolución* impugnada. Esta decisión confirmó y modificó (sic) la respuesta del evaluador Luna Bravo. En la *Resolución* se incluyeron las siguientes determinaciones de hechos:

1. El 27 de agosto de 2024, el recurrente radicó escrito de solicitud de remedio administrativo. En su escrito solicitó que el Departamento de Corrección y Rehabilitación, Programa residenciales y de Tratamiento en comunidad, emitan resolución final, conforme a derecho, en relación a referido realizado el día 21 de julio de 2023. El mismo trata del Proyecto de Pre-Reinserción a libre comunidad en Arecibo, de conformidad a la orden Administrativa DCR-2023-03 del 7 de septiembre de 2023.

2. El 10 de septiembre de 2024, el Sr. Henry Luna Bravo, Evaluador de la División de Remedios Administrativos de la oficina local de Aguadilla, recibe, enumera, codifica y firma el recibo de la solicitud de Remedio Administrativo.

3. El 10 de septiembre de 2024, el Evaluador Sr. Henry Luna Bravo, codificó la solicitud de remedio código X-24 desestimada. Ya que el Reglamento de Remedios Administrativos, provee que el evaluador tenga la potestad, en realizarle una respuesta desestimada. A base de la Regla XIII el evaluador tiene la facultad para desestimar la siguiente solicitud, según reglamento vigente, dispone lo siguiente; Inciso 5(D) solicitud de remedios radicada más de una vez sobre el mismo asunto por el mismo MPC Josué Ortiz Colón en remedio ICG-548-2024 y también realizó una reconsideración donde le fue contestada y le fue entregada el 13 de junio de 2024.

4. El 10 de septiembre de 2024, se hizo entrega al recurrente del recibo de la Respuesta emitida por el Evaluador, Sr. Henry Luna Bravo.

5. El 10 de septiembre de 2024, el recurrente inconforme con la respuesta presentó Solicitud de Reconsideración indicando "que no está de acuerdo ni conforme a la respuesta emitida, ya que la misma no resuelve ni atiende su solicitud de remedios por lo que le solicita al Departamento de Corrección y Programa Residenciales y Tratamiento emita resolución final, trata del Proyecto de Pre-Reinserción a libre comunidad en Arecibo, de conformidad a la orden Administrativa DCR-2023-03.

6. Recibida la Solicitud de Reconsideración el 18 de septiembre de 2024 y acogida el 2 de octubre de 2024, por la Coordinadora Regional, Melissa Ruiz Sepúlveda, al ser acogida la solicitud de reconsideración, tendré (30) días laborables para emitir Resolución de reconsideración.

La *Resolución* destacó que se examinó el expediente de remedio administrativo de Ortiz Colón, el cual demostró que:

- El 11 de enero de 2024, ICG-21-2024, Solicitud de remedio sobre, solicitando Pases.

- El 13 de febrero de 2024, ICG-189-2024 Solicitud de remedio explicado por su TSS Carlos Vélez, relacionado a Programas. Realizando una reconsideración el 7 de marzo de 2024 contestada por la Sra. Melissa Ruiz Sepúlveda Coordinadora de Remedios Administrativos.

En la (ICG-21-24 y ICG-189-24) se había realizado una certificación solicitada por la jefa del Negociado de Instituciones, con relación a sus quejas sobre los Programas.

- El 16 de abril de 2024, ICG-489-2024 Solicitud de remedio sobre Programa de supervisión Electrónica.

- El 26 de abril de 2024, ICG-548-2024 Solicitud de remedio denegada por la queja de solicitud a los Programas.

- El 17 de mayo de 2024, la Sra. Damaris Robles Domínguez Especialista de Remedios Administrativos, certificó que luego de una comunicación verbal con el personal de la oficina de Programas de Desvíos y Comunitarios indicaron que **el caso de reinserción comunitario está en espera a ser evaluado por la sección de Programa de Evaluación y Asesoramiento**.

- El 17 de junio de 2024 ICG-715-2024, Solicitud de remedio solicitando estatus del Programa de desvío, fue acogida por la Coordinadora y entregada la resolución el 26 de agosto de 2024.

(Énfasis nuestro).

Particularmente se hizo hincapié en que Ortiz Colón debía entender que existen unos protocolos por los cuales hay que regirse y esperar determinaciones, toda vez que se toma en consideración su historial delictivo, así como todo lo relacionado a su perfil, comunidad y convivencia.

Aun insatisfecho, Ortiz Colón instó el recurso de revisión judicial de epígrafe. En este le imputa al DCR la comisión de los siguientes errores:

Erró el DCR al no atender el reclamo del recurrente, ignorando que su actuación supone un grave perjuicio para el recurrente, en tanto interrumpió el proceso de rehabilitación emprendido por éste.

Erró el DCR al no basar su determinación en evidencia sustancial que obra en el expediente, erró en la aplicación e interpretación de las leyes y los reglamentos que se le ha encomendado administrar, lesionando así los derechos fundamentales del recurrente, al actuar así, arbitraria, caprichosa, irrazonable e ilegalmente, habiendo emitido una determinación carente de base racional y contraria a derecho.

Erró el DCR al incumplir con sus deberes y responsabilidades y con las normas establecidas en el Plan de Reorganización 2-2011 de 21 de noviembre de

2011, según enmendado, Art. 9 letra (a) y (e) (3 LPRA Ap. XVIII Art. 9); Art. 7 (3 LPRA Ap. XVIII Art. 7) y otros.

Erró el DCR al no atender adecuadamente la solicitud de remedio núm. ICG-976-2024, ignorando así que su actuación es una contraria al Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional, Reglamento Núm. 8583, efectivo el 3 de junio de 2015 ("Reglamento Núm. 8583") y contraria a la Ley Pública Núm. 96-2476-(4R-10) "*Civil Right of Institutionalized Person Act*".

Erró el DCR al no notificar al recurrente conforme a derecho, sobre la determinación final en relación a referido a Proyecto de Pre-Reinserción a la libre comunidad con fecha de 21 de julio de 2023, dentro del término establecido en la LPAUG y de la reglamentación vigente, incumpliendo así con las garantías mínimas contenidas en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA sec. 9602.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho…". Ante ello, prescindimos de la comparecencia de la Oficina del Procurador General de Puerto Rico, en representación del Departamento de Corrección y Rehabilitación.

**II.**

**A.**

Debido a que las decisiones administrativas están cobijadas por una presunción de legalidad y corrección, estas son merecedoras de deferencia por parte de los tribunales apelativos. *Vélez v. A.R.P.E.,* 167 DPR 684, 693 (2006); *Otero v. Toyota,* 163 DPR 716, 727 (2005). En estas circunstancias, el tribunal debe determinar si la agencia actuó de forma arbitraria, ilegal o irrazonable, constituyendo sus actuaciones un abuso de discreción. El criterio rector es la razonabilidad de la agencia recurrida. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008).

Una determinación formulada por una agencia administrativa debe estar fundamentada en evidencia sustancial.[2] *Cruz v. Administración*, 164 DPR 341, 355 (2005). Bajo dicho escenario, los foros apelativos debemos sostenerlas. Sec. 4.5 de la Ley Núm. 38-2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601 *et seq.* (LPAU). Véase también, *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75 (2000). Asimismo, las conclusiones de derecho y las interpretaciones que realizan las agencias sobre la ley que le corresponde administrar, aunque revisables en toda su extensión, deben ser sostenidas a nivel apelativo si estas son razonables, aun cuando exista alguna otra interpretación igualmente adecuada. [3]

De igual forma, al momento de evaluar una decisión administrativa, los foros apelativos debemos tomar en consideración, no solo la especialización y experiencia de la agencia sobre las controversias que tuviera ante sí, sino que también debemos distinguir entre cuestiones relacionadas a la interpretación de las leyes —donde los tribunales somos los especialistas— y aquellos asuntos propios para la discreción o pericia administrativa. *García Reyes v. Cruz Auto Corp.*, supra, pág. 892.[4]

Ahora bien, debemos puntualizar que —dado al hecho de que las resoluciones de los organismos administrativos se presumen correctas— quien las impugne tiene el peso de la prueba. Ello implica que deberá presentar evidencia suficiente para derrotar la presunción que estas poseen. *Pacheco v. Estancias*, 160 DPR 409,

---

[2] Evidencia sustancial es aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Otero v. Toyota*, supra, a la pág. 728.

[3] *P.R.T.C. v. J. Reg. Tel. de P.R.*, 151 DPR 269, 283 (2000); *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 133 (1998).

[4] Véanse, además, *Super Asphalt v. AFI y otros*, 206 DPR 803 (2021); *Capó Cruz v. Jta. Planificación*, 204 DPR 581 (2020); *Román Ortiz v. OGPe*, 203 DPR 947 (2020).

431 (2003). De lo anterior surge claramente que la carga probatoria le corresponde a la parte recurrente, por lo que, de incumplir con ella, la decisión administrativa deberá ser respetada por el foro apelativo.

**B.**

La Constitución de Puerto Rico establece como política pública del Estado el reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social. Sección 19 del Artículo VI.

*La Ley Orgánica de la Administración de Corrección*, Ley Núm. 116 de 22 de julio de 1974, según enmendada, 4 LPRA sec. 1101 *et seq.*, fue sustituida por el *Plan de Reorganización Núm. 2 de 21 de noviembre de 2011*, según enmendado, 3 LPRA Ap. XVIII. (en adelante, Plan de Reorganización Núm. 2-2011). Con la aprobación del Plan de Reorganización 2-2011se decretó como política pública del Gobierno de Puerto Rico la creación de un sistema integrado de seguridad y administración correccional donde las funciones y deberes se armonicen en un proceso facilitador a la imposición de penas y medidas de seguridad, así como a la custodia de los ciudadanos que han sido encontrados incursos en la comisión de un delito o falta y que establezcan procesos de rehabilitación moral y social del miembro de la población correccional o transgresor. Lo anterior, con el fin de fomentar su reincorporación a la sociedad.

Bajo la autoridad concedida por el Plan de Reorganización Núm. 2-2011 al Departamento de Corrección este implementó el Programa de Pre-Reinserción a la Libre Comunidad.[5]

---

[5] Artículo 7 (aa) del aludido Plan.

Según el Artículo 9 (e) del Plan de Reorganización Núm. 2-2011, el Departamento de Corrección velará que se le asegure al miembro de la población correccional participar en programas de rehabilitación, tratamiento, estudio o trabajo que sean compatibles con su proceso de reintegración a la sociedad y sujeto a la previa evaluación correspondiente, y en la medida en que lo permitan los recursos, estar capacitados para leer, escribir y conversar en ambos idiomas oficiales.

En lo pertinente al caso de autos, precisa apuntalar que el DCR está encaminado en fungir como herramienta rehabilitativa importante, mediante el fortalecimiento y la creación de nuevos proyectos o iniciativas que empoderen la reinserción de los miembros de la población correccional en la comunidad. Ante ello, por medio de la Orden DCR-2023-23 el DCR adoptó el Proyecto de Pre Reinserción a la Libre Comunidad, con el propósito de procurar que los miembros de la población correccional se adapten nuevamente a la vida en la libre comunidad, se preparen para que puedan integrarse en la vida laboral, se conviertan en personas independientes y productivas para nuestra sociedad y reconozcan que se encuentran ante una nueva oportunidad en sus vidas.

**III.**

En esencia, el recurrente hace constar su inconformidad con la respuesta otorgada por el DCR en su solicitud de remedio administrativo número ICG-976-2024. Es su contención que el pronunciamiento recurrido no atendió su reclamo al no emitir una determinación final, conforme a derecho. Expone que ha pasado un tiempo razonable en el cual la agencia debió realizar toda gestión pertinente a contestar su petitorio sobre el Programa de Pre-Reinserción a la Libre Comunidad. Alega que lo anterior le violentó su derecho a un debido proceso de ley en su vertiente procesal. Particulariza que lleva más de 25 años encaminado a su

rehabilitación, mostrando su compromiso con hechos y evidencia documental fehaciente de que en efecto se rehabilitó.

Tras un análisis minucioso y ponderado del expediente, concluimos que no incidió la agencia recurrida al emitir su dictamen. El récord demuestra que la solicitud del recurrente ICG-548-2024 para el Programa concernido está en un proceso puntilloso de evaluación. Por ende, es potestad del evaluador desestimar solicitudes de remedios administrativos que se hayan presentado anteriormente por el mismo miembro de la población correccional. Nótese que, en este caso, no se dejó de atender el reclamo del recurrente, sino que más bien se le informó que su petitorio se había hecho a través de otra solicitud y que se esperaba por la respuesta. Por tales razones, el evaluador determinó que procedía desestimar la solicitud de remedio administrativo número ICG-976-2024.

La determinación de la que se recurre es la adecuada únicamente ante la totalidad de las circunstancias, toda vez que existe una solicitud anterior que no ha sido resuelta dado que desde mayo de 2024 aún está pendiente a investigación por el Programa de Evaluación y Asesoramiento. Exhortamos al DCR atender con diligencia la solicitud original número ICG-548-2024. Advierta la agencia que su inacción podría acarrear que Ortiz Colón, miembro de la población correccional, presente un recurso de *mandamus*.

**IV.**

En atención a los fundamentos antes expresados, se confirma la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones